**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL R. RADIMECKY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 08 C 372** |
| | ) | |
| **v.** | ) | **Hon. Judge Darrah** |
| | ) | **Judge Presiding** |
| | ) | **Magistrate Judge Valdez** |
| **THE UNIVERSITY OF CHICAGO** | ) | |
| **MEDICAL CENTER** | ) | **Jury Trial Requested** |
| | ) | |
| **Defendant.** | ) | |

**FIRST AMENDED COMPLAINT**

NOW COMES Plaintiff, DANIEL R. RADIMECKY, by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER states as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**JURISDICTIONAL STATEMENT**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 12101 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

**VENUE**

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

**PARTIES**

4. Plaintiff, DANIEL R. RADIMECKY, is a United States citizen who resides in Tinley Park, Illinois.

5. Defendant, THE UNIVERSITY OF CHICAGO MEDICAL CENTER, is a not for profit corporation properly organized and sanctioned by the laws of the State of Illinois which has continuously and does now employ more than fifteen (15) employees, and at all relevant times did, and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 12111(5).

**PROCEDURE**

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2005. The EEOC processed Plaintiff's charge and found reasonable cause to believe that the violations of the statute occurred with respect to some or all of the matters alleged in the charge. The EEOC issued Plaintiff a Right to Sue on November 26, 2007. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**ADA DISABILITY DISCRIMINATION**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff began working for Defendant in December of 1997 as a Patient Care Assistant in Defendant's Nursing department.

9. Throughout his more than ten (10) year tenure with Defendant, Plaintiff performed according to the reasonable satisfaction of his employer.

10. At all times relevant hereto, Plaintiff has been an individual with a disability for the purposes of the ADA, 42 U.S.C. § 12102(2), in that Plaintiff is both physically and mentally disabled. Plaintiff's severe mental disability results in symptoms of major depressive disorder. Plaintiff's physical disability results from his history of electrical injury. Plaintiff's mental and physical disabilities cause physical or mental impairment that substantially limits one or more major life activities, including, but not limited to, breathing, sleeping, eating, thinking, and concentrating.

11. Plaintiff's major depressive disorder was caused by an incident with Defendant which took place on May 1, 2002 where he was stuck with an IV needle from a high risk patient. As a result he was diagnosed with major depressive disorder in June of 2002 by Dr. Piyusch C. Bush.

12. Plaintiff's disabilities cause him to suffer from physical symptoms including nausea, vomiting, weakness, numbness, tingling, and other physical symptoms. Plaintiff's disabilities have further caused him to be unable to work around high risk patients or operate dangerous machinery.

13. After being diagnosed with major depressive disorder, Plaintiff informed his employer of his disability and applied for reasonable accommodation under the Family Medical Leave Act, because the disability affected his ability to perform his work.

14. Beginning in March 2005 and continuing to the present, Defendant's management has subjected Plaintiff to a course of hostile, abusive, and harassing conduct because of his disabilities. Such conduct has included, but is not limited to, an unwarranted transfer to a position which exacerbated Plaintiff's disability, multiple verbal reprimands, and, on September 27, 2007, Plaintiff's first negative performance review in his over ten (10) tenure of employment with

Defendant.

15. In September 2005, Defendant involuntarily transferred Plaintiff from Labor and Delivery, where he had been performing to the reasonable satisfaction of his employer since 2002, as evidenced by his performance reviews, to the position of Relief Worker.

16. In December 2005, Plaintiff complained about his transfer to Employee Relations Manager Yolanda Butler, but Defendant took no action to address his complaint.

17. Plaintiff was not exposed to high risk patients when he worked in Labor and Delivery.

18. The position of Relief Worker requires that the employee work in multiple departments at Defendant as needed. As the position does not assign an employee to a specific department, it is generally reserved for new employees with less experience than Plaintiff.

19. While serving in the position of Relief Worker, Plaintiff was exposed to high risk patients on a daily or weekly basis.

20. Plaintiff was assigned to the Relief Worker Position until February 18, 2007 when he was transferred back to Labor and Delivery.

21. The continuous exposure to high risk patients over a one and a half (1.5) year period caused Plaintiff to suffer frequent and severe symptoms from his disability.

22. During the course of Plaintiff's employment, the only individuals who were involuntarily transferred into the Relief Worker Position were disabled. The only individual other than Plaintiff who was involuntary transferred to the Relief Worker position from a permanent position was Loniece Hobson, who is disabled and suffers from anemia.

23. On information and belief, similarly situated employees who are not disabled were not transferred to the Relief Worker position.

24. The aforementioned acts and omissions of Defendant constitute unlawful and intentional discrimination against Plaintiff because of his disabilities, in violation of Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

25. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered injury, including, but not limited to, physical and emotional harm.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, DANIEL R. RADIMECKY, prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

C. Order Defendant to make whole DANIEL R. RADIMECKY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E. Order Defendant to pay lost, foregone, and future wages to DANIEL R. RADIMECKY;

f. Grant Plaintiff his attorney's fees, costs, disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

**JURY TRIAL DEMAND**

25. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

Respectfully submitted,
DANIEL R. RADIMECKY, Plaintiff,

By: s/Lisa Kane
Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093